The next case set for argument this morning is number 21-146, Bailey v. Interbay Funding. Mr. Bailey, are you with us? Yes, ma'am. Good morning. Very good. So you're calling in but not participating via video, is that right? Yes, ma'am. All right. Do you have a way of telling the time? Yes, I do. Very good. So why don't you begin? Let's hear what you have to say, Mr. Bailey. I appreciate it. Thank all the judges. I just wanted to make myself available. I really just wanted for that. This is the first time I've ever been involved in a hearing like this. And I guess I just would request that the Second Circuit Court of Appeals, your honors, if you would be so kind just to move forward on my papers that I've filed, please, I would greatly appreciate that. Mr. Bailey, you said that there was some evidence that wasn't available during the summary judgment stage and that the district court failed to approve it. From Kelly B. Moy, that clearly states that he didn't know me at the time of the sale, that he actually, the fake appraisal, the fraudulent appraisal that was used in the sale was roughly a year prior to me purchasing the property. And Mr. Kelly B. Moy's affidavit clearly stated that he paid for that appraisal and that he ordered that appraisal only for himself without knowing me, without using that to try to sell me the property or anything like that. That's in his affidavit as well. Also, Mr. Robert G. Hall, for instance, who signed for both Bayview and for Interbay Funding as the manager to purchase the loan, he was the man, he signed off as being the manager approving the sale of the loan to Bayview Loan Servicing. And then he also signed as the manager of Bayview as being the authority to purchase that loan. Mr. Bailey, I'm going to interrupt you for just a minute, please. You know, the problem that the district court identified is that you closed on the property on March 6, 2006, but you didn't file this lawsuit until 2017, 11 years later. And you know, there are rules in the law that you can't wait too long to do that because the evidence disappears and it's too hard to proceed. And so the evidence you're referring to now has to do with what happened that you were upset about and you think was wrong, but still it doesn't seem to affect the fact that, you know, the suit didn't get filed for a very long time. Could you speak to that? Yes, because I was been going back and forth for years with the bank, trying to ascertain like the original documents of my closing, so I could know what I need to move forward with. And when they had me all this time thinking they were trying to help me when actually they were not trying to help me, they were lying to me and misleading me, you know, for all these years. And even, you know, to this day, I've shown that I've received paperwork in my file that they have that they never even, you know, devoted to me, even through deposition and things of that nature. Whereas that I was just being totally misled all this time, you know, all the way up until them filing that complaint for the foreclosure, when they had me thinking that they were sending me a FedEx package for a principal reduction and for to redo my loan. To the extent you felt misled by things they wrote to you, did you give that evidence to the district court? Well, yes, you know, like things like, you know, the HUD one not being signed and multiple times they got documents that my signature, those are fake signatures, those are not my signatures. I have a 30-year veteran forensic signature expert that I also filed the papers clearly stating that that's not David Bailey's signature. And furthermore, they only have copies of copies of copies of distorted signatures. They don't have any original documents. And it's been clearly proven that you cannot definitively say that that's a signature. And some of those signatures clearly don't even have my name on it, it has a whole different person's name on it. All the way starting back from the complaint, the original filing of the complaint, the green slip, come to find out, like I said to him in the beginning of the hearing, that I never received the complaint. And the judge clearly stated, said Mr. Bailey has also filed a motion to open for also for fraud and also saying that he never was served properly. And now they found out that, come to find out, that the postman signed it illegally. I may, I have another problem and that is that the only thing that is before us because of a because there wasn't an appeal in time from the original decision and we're not allowed under Supreme Court decisions therefore to consider anything that was there. But almost, I think all the things that you have said now went to the original decision and not to the motion for reconsideration. That is, we can only consider anything that was new that was brought there. And I haven't heard anything that is new since then. And you know, I don't much like this very strict notion about times for appeal, but they're there and we're stuck with them. Well, and I appreciate you saying that, Your Honor, but I do have the new discovered evidence in reference to the Kelly B. Moy affidavit. I also have the Robert G. Hall matter with that, and I have a few other things pertaining to newly discovered evidence as well too that is filed in my papers that I would hope and pray that the court would consider. All right, Mr. Bailey, we've kept you past your time. We do have all your papers and we'll review them carefully and we'll get to a decision as soon as we can. Thank you very much. And the appellee is on submission. Thank you, Mr. Bailey, for joining us and giving us the benefit of your views. Thank you very much. Thank you. Thank you all and God bless you and your families. I appreciate it. Thank you.